UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> **Gabriel Rogel DOUGLAS (D1)** <br> **Erik RAMIREZ-Rodriguez (D2)** <br><br> Defendants. | Magistrate Case No._____ <br><br> COMPLAINT FOR VIOLATION OF <br><br> Title 8, U.S.C., Section 1324(a)(2)(B)(iii)- <br> Bringing in Illegal Aliens Without Presentation (Felony) <br> Title 8, U.S.C., Section 1326 - Attempted Entry After Deportation (Felony) |

'08 MJ 0624

The undersigned complainant being duly sworn states:

## COUNT 1

On or about **February 28, 2008** within the Southern District of California, defendant **Gabriel Rogel DOUGLAS (D1)** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Elias SIERRA-Antunez, Diana TLAPLTOTOLI-Zacarias and Erik RAMIREZ-Rodriguez (D2)** had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens, and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

## COUNT 2

On or about **February 28, 2008** within the Southern District of California, defendant **Erik RAMIREZ-Rodriguez (D2)** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro, California, Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 3RD DAY OF MARCH, 2008.

UNITED STATES MAGISTRATE JUDGE
**CATHY ANN BENCIVENGO**
**U.S. MAGISTRATE JUDGE**

## AMENDED PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Enforcement Officer J. Poplawski, declare under penalty of perjury the following to be true and correct:

The complainant states that **Elias SIERRA-Antunez, Diana TLAPLTOTOLI-Zacarias and Erik RAMIREZ-Rodriguez(D2)** are citizens of a country other than the United States; that said aliens have admitted they are deportable; that their testimony is material; that it is impracticable to secure their attendance at trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On February 28, 2008 at approximately 2155 **Gabriel Rogel DOUGLAS (D1)** made application for admission into the United States at the San Ysidro, California Port Of Entry as the driver and sole visible occupant of 1996 Honda Civic. A Customs and Border Protection Officer (CBP) received a negative declaration from the D1. D1 presented his valid United States Passport for an entry document. D1 stated to the officer the vehicle belonged to a friend. The officer performed an inspection of the vehicle and noticed individuals lying in the trunk of the vehicle. The CBP Officer then notified other Officers for assistance and the vehicle and the occupants were taken into the secondary lot for further inspection.

In secondary, CBP Officers observed three undocumented aliens in the trunk of the vehicle. CBP Officers assisted in removing three undocumented aliens from the trunk. Two male adults and one female adult were removed.

Further investigation revealed the three undocumented aliens to be citizens and natives of Mexico with no entitlements to enter the United States. The three undocumented aliens are now identified as Elias SIERRA-Antunez (MW1) and Diana TLAPLTOTOLI-Zacarias (MW2) and Erik RAMIREZ-Rodriguez (D2).

During secondary inspection D2 was queried by fingerprint and photograph through the Integrated Automated Fingerprint Identification System (IAFIS), which resulted in a positive match verifying D2's identity.

Further queries using the Immigration Central Index System (CIS) and the Deportable Alien Control System (DACS) confirmed D2 to be a citizen of Mexico with no legal documents to enter the United States. The Deportable Alien Control System (DACS) identified Defendant as a deported alien. DACS information indicates that on or about 02/27/2008 Defendant was reinstated and removed from the United States through the San Ysidro Port of Entry. DACS information further reveals that Defendant was expeditiously removed to Mexico on or about 03/23/2007 from the El Paso Port of Entry and on 04/02/2006 from the Nogales Port of Entry. Immigration service records indicate no evidence that D2 has applied for, nor received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped proceeding, D1 was advised of his Miranda rights and elected to submit to questioning without benefit to counsel. D1 admitted knowledge to smuggling one alien in the rear of the vehicle. D1 admitted he was going to be paid $1,100 USD for the smuggling of the one undocumented alien. D1 also stated he was en route to Chula Vista, California once he met up with one of the smugglers to drop off the undocumented alien.

During a videotaped proceeding, D2 was advised of his Miranda rights and elected to submit to questioning without benefit to counsel. D2 admitted he is a citizen of Mexico with no documents to lawfully enter the United States. D2 admitted being concealed in the trunk attempting to make illegal entry into the United States. D2 admitted his family was going to pay between $3,000 USD to $3,500

USD to be smuggled into the United States. D2 admitted he was en route to Los Angeles, California to work and live.

On separate videotaped interviews, Material Witnesses declared they are citizens of Mexico who have no legal right to enter the United States. Material Witnesses stated they were en route to California to be with family. MW1 was going to pay $3,500 USD to be smuggled into the United States. MW2 stated her husband made arrangements for her to be smuggled into the United States and he was going to pay an unknown amount to the smugglers.

EXECUTED ON THIS **29TH** DAY OF **February 2008** AT **1600**.

_____
J. Poplawski / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of **2** pages, I find probable cause to believe that the defendant named therein committed the offense on **February 28, 2008** in violation of Title 8, United States Code, and Section 1324.

_____  _____
MAGISTRATE JUDGE                DATE / TIME

## PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Enforcement Officer J. Poplawski, declare under penalty of perjury the following to be true and correct:

The complainant states that **Elias SIERR-Antunez, Diana TLAPLTOTOLI-Zacarias and Erik RAMIREZ-Rodriguez(D2)** are citizens of a country other than the United States; that said aliens admitted they are deportable; that their testimony are material; that it is impracticable to secure their attendance at trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On February 28, 2008 at approximately 2155 **Gabriel Rogel DOUGLAS** (D1) made application for admission into the United States at the San Ysidro, California Port Of Entry as the driver and sole visible occupant of 1996 Honda Civic. A Customs and Border Protection Officer (CBP) received a negative declaration from D1. D1 presented his valid United States Passport for an entry document. D1 stated to the officer the vehicle belonged to a friend. The officer performed an inspection of the vehicle and noticed individuals lying in the trunk of the vehicle. The CBP Officer then notified other Officers for assistance and the vehicle and the occupants were taken into the secondary lot for further inspection.

In secondary, CBP Officers observed three undocumented aliens in the trunk of the vehicle. CBP Officers assisted in removing three undocumented aliens from the trunk. Two male adults and one female adult were removed.

Further investigations revealed the three undocumented aliens to be citizens and natives of Mexico with no entitlements to enter the United States. The three undocumented aliens are now identified as Elias SIERR-Antunez (MW), Diana TLAPLTOTOLI-Zacarias (MW2) and Erik RAMIREZ-Rodriguez (D2).

During secondary inspection, D2 was queried by fingerprint and photograph through the integrated Automated Fingerprint Identification System (IAFIS). IAFIS resulted in a positive match verifying D2's identity linking D2 to Immigration and FBI records.

Further queries using the Immigration Central Index System (CIS) and the Deportable Alien Control System (DACS) confirmed D2 to be a citizen of Mexico with no legal documents to enter the United States. Immigration service records also identified D2 as a deported alien. DACS information indicates that on or about 02/27/2008 D2 was reinstated and removed from the United States through the San Ysidro Port of Entry. DACS information further reveals that D2 was expeditiously removed to Mexico on or about 03/23/2007 from the El Paso Port of Entry and on 04/02/2006 from the Nogales Port of Entry. Immigration service records indicate no evidence that D2 has applied for, nor received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re enter the United States.

During a videotaped proceeding, D1 was advised of his Miranda rights and elected to submit to questioning without benefit to counsel. D1 admitted knowledge to smuggling one alien in the rear of the vehicle. D1 admitted he was going to be paid $1,100 USD for the smuggling of the one undocumented alien. D1 also stated he was en route to Chula Vista, California to drop off the undocumented alien.

During a videotaped proceeding, D2 was advised of his Miranda rights and elected to submit to questioning without benefit to counsel. D2 admitted he is a citizen of Mexico with no documents to lawfully enter the United States. D2 admitted being concealed in the trunk attempting to make illegal entry into the United States. D2 admitted his family was going to pay between $3,000 USD to $3,500 USD to be smuggled into the United States. D2 admitted he was en route to Los Angeles, California to work and live.

On separate videotape interviews, Material Witnesses declared they are citizens of Mexico who have no legal right to enter the United States. Material Witnesses stated they were en route to California to be with family. MW1 was going to pay $3,500 USD to be smuggled into the United States. MW2 stated her husband made arrangements and was going to pay an unknown amount for her to be smuggled into the Unites States.

EXECUTED ON THIS **29TH** DAY OF **FEBRUARY 2008** AT **1600**.

_____
J. Poplawski / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of 2 pages, I find probable cause to believe that the defendants named therein committed the offense on **February 28, 2008** in violation of Title 8, United States Code, Section 1324 and Section 1326.

_____          3/1/08 @ 11:20 AM
MAGISTRATE JUDGE                          DATE / TIME

**CATHY ANN BENCIVENGO**
**U.S. MAGISTRATE JUDGE**